16-3420-ag
Finger Lakes Zero Waste Coal. v. EPA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 15th day of May, two thousand eighteen.

PRESENT:  GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          WILLIAM K. SESSIONS III,
                    *District Judge**

---

FINGER LAKES ZERO WASTE COALITION, INC.,

     *Petitioner*,

     v.                                                    No. 16-3420-ag

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, SCOTT PRUITT, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

     *Respondents*.**

---

* Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.
** In accordance with Fed. R. App. P. 43(c)(2), the Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONER: Gary A. Abraham, Law Office of Gary A. Abraham, Great Valley, NY.

FOR RESPONDENT: Heather E. Gange, Environmental & Natural Resources Division, U.S. Department of Justice (Jeffrey H. Wood, Acting Assistant Attorney General, Environmental & Natural Resources Division, U.S. Department of Justice, Zach Pilchen, Michael Lee, Office of General Counsel, Environmental Protection Agency, *on the brief*), Washington, D.C.

Petition for Review of a July 29, 2016, order of the Administrator of the Environmental Protection Agency.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Finger Lakes Zero Waste Coalition, Inc. ("the Coalition") petitions for review of an order of the Environmental Protection Agency (EPA) Administrator denying the Coalition's request that the EPA reopen or object to a permit issued by the State of New York for a facility burning gas from a nearby landfill in Ontario County, New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented in the petition for review, which we discuss as relevant here.

## I. Statutory Framework

Title V of the Clean Air Act ("CAA"), which Congress added to the CAA in 1990, "requires major stationary sources of air pollution to receive operating permits incorporating CAA requirements and establishes a procedure for federal authorization of state-run Title V permitting programs." *N.Y. Pub. Interest Research Grp. v. Whitman*, 321 F.3d 316, 320 (2d Cir. 2003) ("*NYPIRG*"); *see also* 42 U.S.C. §§ 7661–7661f. Following

2

the passage of Title V, the state of New York established such a state program through its Department of Environmental Conservation (DEC). The EPA gave the program final approval in 2001. *See NYPIRG*, 321 F.3d at 320–22. Pursuant to the program, the DEC may grant Title V permits to major stationary sources of air pollution. *See* 42 U.S.C. § 7661a; *NYPIRG*, 321 F.3d at 320.

As part of the permitting process, DEC must offer an "opportunity for public comment" on a permit application. *See* 42 U.S.C. § 7661a(b)(6); *NYPIRG*, 321 F.3d at 323. Once the DEC responds to public comments and decides to issue the permit, it "must give the EPA 45 days to review and to object to a permit that does not meet the requirements of Title V." *NYPIRG*, 321 F.3d at 323 (citing 42 U.S.C. § 7661d(b)(1); 40 C.F.R. § 70.8(c)). If the EPA does not object, then "any person may petition the Administrator within 60 days after the expiration of the Administrator's 45-day review period to make such objection." 40 C.F.R. § 70.8(d). The Administrator must then review the petition within 60 days and object if the petitioner "demonstrates" a permit applicant's noncompliance with CAA requirements. *NYPIRG*, 321 F.3d at 333; 42 U.S.C. § 7661d(b)(2).

The EPA Administrator may also reopen a state-issued Title V permit for cause where the EPA discovers, or a petitioner demonstrates, that one of four requirements for re-opening is satisfied. *See* 42 U.S.C. § 7661d(e); 40 C.F.R. § 70.7(f)(1) (listing requirements for EPA to reopen a Title V permit). If the Administrator denies either a petition to object or a petition to reopen, the petitioner may appeal this final agency action to the appropriate U.S. Circuit Court of Appeals. *See* 42 U.S.C. 7607(b)(1).

3

As the EPA explains, state permitting authorities considering a permit application must decide whether to treat certain stationary sources of air pollution as a single source of pollution or as separate sources. This decision has "real-world consequences" because "[i]f two facilities are part of the same sources, and their combined emissions exceed certain thresholds, they are considered a 'major source' . . . of air pollutants," which results in "more stringent [CAA] controls." Respondents' Br. at 8. To make this determination, state permitting authorities must examine whether "any group of stationary sources . . . are [1] located on one or more continuous or adjacent properties, . . . [2] are under common control . . . , [and] [3] belong[] to a single major industrial grouping." 40 C.F.R. § 70.2 (defining "major source").

At issue in this case is the "common control" requirement. While New York state law does not define this requirement, the DEC applies its Declaratory Ruling 19-19 to analyze the common control question. This ruling explains that the DEC will determine common control on a "case-by-case basis," guided by "EPA's informal guidance documents and determination letters" without being bound by those same letters or any test or factor. App. 178.

## II. Factual Background

This case began in 2011, when Seneca Energy II, LLC ("Seneca Energy"), applied to DEC to renew and modify its Title V permit. Seneca Energy operates a "landfill gas-to-energy" facility ("the facility") in Ontario County, New York. App. 85. The facility obtains its gas from a landfill on the same or adjacent property owned by Ontario County and leased and operated by Casella Waste Systems of Ontario, LLC. During the public

4

comment portion of the permitting process, the Coalition submitted the only public input regarding Seneca Energy's application.

In its comments, the Coalition sought to demonstrate that the facility and the adjacent landfill are under "common control" for purposes of the major source analysis. In response, the DEC issued an 11-page "Responsiveness Summary" addressing the various issues that the Coalition raised and reaffirming that the facility and landfill are not under common control. DEC then submitted the proposed permit to the EPA for review, and the EPA did not object within the 45-day time limit. As permitted by 40 C.F.R. § 70.8(d), the Coalition petitioned the EPA on December 22, 2012, to object to the permit on the ground that the facility and landfill are under common control.

The EPA did not respond to the petition until June 29, 2015. The 2015 EPA Order determined that the DEC had inadequately addressed the Coalition's concerns in its Responsiveness Summary, because that summary "did not affirmatively identify or explain the facts and factors upon which it based its determination that the facilities are not under common control." App. 99. Instead, the "DEC merely provided targeted rebuttals to some of the facts presented by the commenter." App. 100. The EPA then directed the DEC "to explain, on the record, what case-specific facts and factors [DEC] considered as part of its source determination analysis regarding the two facilities" in order to "provide an adequate record sufficient to support a source determination." App. 100–01.

The DEC responded to the 2015 EPA Order on October 26, 2015, with a "Source Determination" explanation. The 2015 Source Determination provided additional background details on the facility and the landfill, the statutory and legal framework, and

5

analysis of other "major source" criteria. That information was not included in the original 2012 Responsiveness Summary that the DEC issued. The DEC then applied numerous factors from Declaratory Ruling 19-19, concluding that each factor weighed against finding common control. As part of this analysis, the DEC (1) included additional reasoning regarding the sharing of tax credits by the facility and the landfill to justify its common control conclusion that the previous Responsive Summary did not address, and (2) noted that the source determination was consistent with prior determinations in New York, another factor that the Responsiveness Summary did not discuss.

On February 8, 2016, 105 days after the DEC Source Determination, the Coalition filed a petition styled as a request to reopen the facility's Title V permit. Although styled a request to reopen, the petition noted the EPA's 45-day timeframe to object to a permit and the 60-day timeframe that outside parties have to petition to the EPA for an objection after those initial 45 days. Using this timeframe, the Coalition stated that it had timely filed within the 60-day timeframe, even though that timeframe is for a petition to object, and not for a petition to reopen. As to its substance, the petition incorporated the Coalition's 2012 petition to object by reference and noted a few facts from that petition to conclude that the facility and the landfill are under common control. The Coalition also argued that the DEC's 2015 Source Determination did not respond to the 2015 EPA Order and applied the wrong legal analysis.

The EPA Administrator denied the Coalition's petition on July 29, 2016, both as a petition to object and as a petition to reopen. As to the petition to reopen, the Administrator primarily concluded that the Coalition did not address the reopening criteria under 40

6

C.F.R. § 70.7(f)(1) and did not engage the 2015 Source Determination. Insofar as the Coalition's submission was a petition to object, the Administrator denied the petition for similar reasons. The Coalition now appeals.

## III.     Review of the Petition

We review the denial of a Title V petition to object or reopen pursuant to the standards for judicial review set forth in the Administrative Procedure Act. *NYPIRG*, 321 F.3d at 324 (citing 5 U.S.C. § 706). "Under the APA, we must set aside any agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)); *see also Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 496–97 (2004) (reviewing EPA order regarding state environmental agency's decision under arbitrary and capricious standard of 5 U.S.C. § 706(2)(A)). "[I]n deciding whether agency action is arbitrary and capricious, a court considers whether the agency relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Islander E. Pipeline Co. v McCarthy*, 525 F.3d 141, 150–51 (2d Cir. 2008) (internal quotation marks omitted).

We conclude that the EPA Administrator did not act arbitrarily or capriciously by denying the Coalition's petition to reopen or object to the Title V permit. It was not arbitrary or capricious for the Administrator to deny a petition to reopen where that petition did not mention the relevant legal framework for reopening a case, much less explain why the petitioner is entitled to the relief that it seeks under that framework. *See* 40 C.F.R. §

7

70.7(f)(1) (outlining standard for reopening a Title V permit). Similarly, insofar as the Coalition's petition requested that the EPA object to the permit, the Coalition did not respond to or engage the 2015 Source Determination. As a result, the petition was plainly inadequate under the relevant statutory framework. *See* 42 U.S.C. § 7661d(b)(2) (requiring petitioner to "identify all . . . objections" to the Title V permit); *see also id.* (requiring petitioner to "demonstrate[] to the Administrator that the permit is not in compliance with the [CAA's] requirements"); *MacClarence v. EPA*, 596 F.3d 1123, 1130–33 (9th Cir. 2010) (affirming denial of petition to object where petition did not adequately address state agency decision regarding the aggregation of polluting facilities).

In contrast to the Coalition's petition, the 2015 DEC Source Determination set forth the applicable statutory framework and common source explanation in significant detail. The DEC submitted a detailed memo accompanied by many exhibits to support the common control conclusion that it reached. Further, the 2015 Source Determination included additional analysis regarding the tax credits that the facility and landfill shared and pointed to precedent to justify the common source conclusion. Given the DEC's detailed response to the 2015 EPA Order and the Coalition's failure to address that response, the EPA's 2016 Order provided a non-arbitrary and reasonable ground to deny the petition.

We also reject the Coalition's argument that the 2016 EPA Order was arbitrary and capricious because the agency requested a more thorough common control explanation in 2015, but then denied the Coalition's petition in 2016. First, as we have already explained, the Coalition's petition did not engage with the 2015 Source Determination. Second, as we

discussed above, the 2015 Source Determination provided a much more thorough explanation for the common control decision. Accordingly, the Administrator's differing responses to the two DEC's explanations from 2012 and 2015 did not constitute arbitrary or capricious agency action.

We have considered the Coalition's remaining arguments and find them without merit. Accordingly, we **DENY** the petition for review of the EPA's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9